

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 21 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

YALEWA MELVIN,

               Petitioner,

  -against-

UNITED STATES OF AMERICA,

               Respondent.

**MEMORANDUM & ORDER**
**18-MC-3359 (LB)**

----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Petitioner, Yalewa Melvin, files this motion *pro se* to seal and/or expunge her records in a prior criminal case.[1] For the reasons set forth below, the Court has no jurisdiction to grant petitioner the relief she seeks. Therefore, petitioner's motion to expunge is dismissed without prejudice.

## BACKGROUND

On May 21, 2009, the U.S. Department of Justice filed a criminal complaint seeking an arrest warrant for Ms. Melvin, who had been employed as a correctional officer at the Metropolitan Detention Center ("MDC"), a federal prison in Brooklyn, New York. Dkt. No. 09-mj-622, Compl. & Aff. Supp. Appl. Arrest Warrant ("Compl."), ECF No. 1. The complaint alleged that petitioner knowingly and intentionally provided an MDC inmate a prohibited object in violation of 28 C.F.R. 553.12. Compl. 1. The prohibited object was a cellular telephone. Compl. 2. After being informed of her rights, Ms. Melvin was interviewed by special agents who were investigating the inmate's

---

[1] Courts in this Circuit treat the terms "seal" and "expunge" interchangeably and apply the same standard when deciding motions to seal or motions to expunge criminal records. Ruiz v. United States, No. 19-MC-850 (MKB), 2019 WL 3388817, at *1 n.3 (E.D.N.Y. July 25, 2019) (citations omitted).

1

possession of the contraband phone. Compl. 2-3. The complaint alleges that petitioner stated that she provided the phone to the inmate "after the inmate indicated that the inmate wished to keep in touch with the inmate's mother who had been diagnosed with colon cancer." Compl. 3. On August 21, 2009, petitioner plead guilty to providing contraband in a prison in violation of 18 U.S.C. § 1791(a)(1). Dkt. No. 09-mj-622, J. Cr. Case ("Judgment), ECF No. 11; Min. Entry, ECF No. 6. As petitioner had consented to my jurisdiction for judgment and sentencing, I sentenced petitioner to one year of probation and assessed a penalty of $10.00 on November 24, 2009. Dkt. No. 09-mj-622, Consent to U.S.M.J. in a Misdemeanor Case, ECF No. 4; Judgment 3, 5; Min. Entry, ECF No. 10. The judgment was entered and the case was closed on December 4, 2009.

On December 17, 2018, petitioner, proceeding *pro se*, filed the instant motion to expunge and/or seal the record in her 2009 criminal case. Mot. Expunge, ECF No. 1. Petitioner states that she is entitled to the relief requested because she is "seeking employment that has required a Federal and State background check. (Non-Law Enforcement)." Id. 2. The government opposes petitioner's motion and argues that the Court should deny the motion for lack of jurisdiction. Opp'n Mot. Expunge, ECF No. 4.

## DISCUSSION

"In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." United States v. King, No. 14-CR-00357 (PKC), 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017) (citing Doe v. United States, 833 F.3d 192, 197 (2d Cir. 2016)).[2] The Second

---

[2] The Second Circuit acknowledged in its opinion that Congress had authorized district courts to expunge lawful convictions under certain limited circumstances, including where a person convicted of certain drug offenses was younger than twenty-one at the time of the offense. Doe, 833 F.3d at 199 (citing 18 U.S.C. § 3607(c)). The Circuit also observed that Congress might consider creating new exceptions and expanding the Court's power to expunge convictions in other situations and further remarked that "[t]oo often, Americans who have paid their debt to society...find that they continue to be punished for past mistakes."

2

Circuit held in Doe v. United States, that although a district court may have ancillary jurisdiction to expunge *arrest* records following an order of dismissal,[3] "a federal district court that has presided over a defendant's federal criminal proceedings lacks ancillary jurisdiction to expunge, on equitable grounds, a record of conviction long after the sentence has expired[.]" White v. Dortch, No. 17-CV-7266 (CM), 2017 WL 8780774, at *3 n.4 (S.D.N.Y. Nov. 28, 2017) (citing Doe, 833 F.3d at 200); see also Ruiz Rosado v. United States, No. 02-CR-0464 (ADS), 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) ("[A]s guided by the Second Circuit, this Court lacks jurisdiction to consider this motion to expunge a completed and valid conviction based exclusively on equitable reasons.").

In Doe, seven years after the end of her probation term for her fraud conviction, petitioner moved to expunge the conviction record because her conviction had repeatedly frustrated her efforts to maintain employment. Doe, 833 F.3d at 193; Doe v. United States, 110 F. Supp. 3d 448, 450-52 (E.D.N.Y. 2015), vacated, 833 F.3d 192 (2d Cir. 2016). The Honorable John Gleeson granted petitioner's motion;[4] however, the appellate court then vacated Judge Gleeson's decision

---

Doe, 833 F.3d at 199 (quoting Attorney General Loretta E. Lynch Releases Roadmap to Reentry: The Justice Department's Vision to Reduce Recidivism through Federal Reentry Reforms (Apr. 25, 2016), https://www.justice.gov/opa/speech/attorney-general-loretta-e-lynch-delivers-remarks-national-reentry-week-event). This Court also acknowledges the serious consequences that accompany criminal convictions. Until the law changes, however, district courts have no jurisdiction to expunge criminal convictions on equitable grounds.

[3] See United States v. Schnitzer, 567 F.2d 536, 538 (2d Cir. 1977) (upholding exercise of ancillary jurisdiction over motion to expunge arrest records following order of dismissal).

[4] Although I wholeheartedly agree with Judge Gleeson's decision to expunge Doe's conviction, stating that he sentenced Doe "to five years of probation supervision, not to a lifetime of unemployment," id. at 457, his decision was overturned by the Court of Appeals. Judge Gleeson's opinion made clear that Ms. Doe was one among 65 million Americans with a criminal record and that her case "highlights the need to take a fresh look at policies that shut people out from the social, economic, and educational opportunities they desperately need in order to reenter society successfully." Doe, 110 F. Supp. 3d at 457. Judge Gleeson observed that "[t]he seemingly automatic refusals by judges to expunge convictions when the inability to find employment is the 'only' ground for the application have undervalued the critical role employment plays in re-entry. They are also increasingly out of step with public opinion. The so-called 'ban the box'

3

and remanded the case back to the district court, directing that petitioner's motion be dismissed for lack of jurisdiction "because [the petitioner's] conviction was valid and the underlying criminal case had long since concluded." Doe, 833 F.3d at 196, 200.

Here, petitioner does not challenge the validity of her conviction, and the underlying criminal case concluded almost a decade ago. The reason for petitioner's motion to expunge is that she is seeking employment that has required background checks and presumably these background checks have prevented her from gaining or maintaining employment. Petitioner has not supplied other facts that could distinguish her case from Doe or qualify for the limited exceptions that would allow the Court to consider the motion. Accordingly, the Court lacks jurisdiction to consider petitioner's motion for expungement. Cf. King, 2017 WL 4326492, at *2 (concluding that Doe mandated dismissal of petitioner's expungement request which was based on barriers to employment due to his criminal record).

## CONCLUSION

For the reasons set forth above, petitioner's motion for expungement is dismissed for lack of jurisdiction. The Clerk of Court is directed to close this case.[5]

SO ORDERED.

Dated: October 21, 2019
Brooklyn, New York

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

---

practice, in which job applications no longer ask the applicant whether he or she has been convicted of a crime, is becoming more prevalent. There is an increasing awareness that continuing to marginalize people like Doe does much more harm than good to our communities." Id. at 457–58.

Indeed, New York has passed employment protections for people with criminal convictions. King, 2017 WL 4326492, at *2 (citing N.Y. Corr. Law, Art. 23-A, §§ 750-755 and N.Y.C. Human Rights Law § 8-107(10)). Philadelphia has also passed employment protections for people previously convicted of criminal offenses. See Phila., Pa., Code Tit. 11, § 9-3504 (2016); see also https://www.phila.gov/HumanRelations/DiscriminationAndEnforcement/Pages/ChangestotheBantheBoxLaw.aspx. I cite these laws to encourage petitioner to continue to seek employment.

[5] The Clerk of Court is directed to send petitioner the attached copies of the cases cited in this Memorandum and Order.